UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERBLY WAYNE GORDON,<br><br>                        Plaintiff,<br><br>v.<br><br>DR. ELLOYHIM,<br><br>                       Defendant. | Case No.:  21cv1346-JO-JLB<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT AGAINST DEFENDANT WITHOUT PREJUDICE FOR FAILURE TO EFFECT SERVICE AND DENYING MOTION FOR APPOINTMENT OF COUNSEL AS MOOT** |

On January 28, 2022, this Court ordered Plaintiff Sherbly Wayne Gordon ("Plaintiff") to show cause on or before April 28, 2022, as to why his Complaint should not be dismissed for failure to effect service. Dkt. 8. On April 11, 2022, Plaintiff filed a motion to appoint counsel. Dkt. 15. Plaintiff has not filed a response to the order to show cause. For the reasons discussed below, Plaintiff's Complaint is DISMISSED without prejudice for failure to effect service and the motion to appoint counsel is DENIED as moot.

# I.   BACKGROUND

On July 26, 2021, Plaintiff, incarcerated at the Richard J. Donovan Correctional Facility, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  Dkt. 1 ("Complaint").  Plaintiff alleges that Defendant Dr. Elloyhim ("Defendant") refused his request for mental health services when he complained of suicidal thoughts.  *Id.* at 3-4.  On August 11, 2021, the Court granted Plaintiff's motion to proceed *in forma pauperis* ("IFP") and directed the U.S. Marshal to effect service on Defendant in accordance with Plaintiff's completed U.S. Marshal Form 285 ("Form 285").  Dkt. 5.  A summons was issued, and the Court provided Plaintiff with a blank Form 285, a certified copy of the IFP Order, a certified copy of the Complaint, and the summons (collectively, the "IFP Package").  The Court ordered Plaintiff to return the IFP Package and the completed Form 285 to the U.S. Marshal.  *Id.*  Plaintiff did not return the IFP Package to the U.S. Marshal, and Plaintiff failed to serve Defendant within 90 days of filing the Complaint pursuant to Fed. R. Civ. P. 4(m).

On January 28, 2022, the Court ordered Plaintiff to show cause as to why the Complaint should not be dismissed for failure to prosecute.  Dkt. 8 ("OSC").  The Court stated that failure to respond by April 28, 2022 to the OSC will result in dismissal of the action.  On February 9, 2022, Plaintiff filed another motion to proceed IFP, and on March 4, 2022, Plaintiff filed a motion to appoint counsel.  Dkts. 9, 11.  On March 9, 2022, the Court issued an order denying the motion to proceed IFP as moot, denying the motion to appoint counsel without prejudice, and extending the time for service for good cause under Fed. R. Civ. P. 4(m).  Dkt. 12.  Accordingly, the Court directed the Clerk to provide Plaintiff with a new IFP Package, and ordered Plaintiff to complete and return the IFP Package to the U.S. Marshal on or before April 14, 2022.  The Court warned Plaintiff that failure to return the completed IFP Package to the U.S. Marshal by April 14, 2022, or to otherwise show cause by April 28, 2022, would result in dismissal of Plaintiff's Complaint for failure to prosecute.  To date, service has not been effectuated on Defendant, and

1  Plaintiff has neither filed a response to the OSC nor requested an extension of time to do
2  so. On April 11, 2022, Plaintiff filed another motion to appoint counsel. Dkt. 15.

## II.     DISCUSSION

4      Federal Rule of Civil Procedure 4 provides in relevant part that "[i]f a
5  defendant is not served within 90 days after the complaint is filed, the court—on motion
6  or on its own after notice to the plaintiff—must dismiss the action without prejudice
7  against that defendant or order that service be made within a specified time." Fed. R.
8  Civ. P. 4(m). Rule 4 also provides that "if the plaintiff shows good cause for the failure,
9  the court must extend the time for service for an appropriate period." *Id.* If a plaintiff is
10  authorized to proceed IFP under 28 U.S.C. § 1915, the court must order that service be
11  effectuated by a United States Marshal. Fed. R. Civ. P. 4(c)(3); *see also* 28 U.S.C. §
12  1915(d) (when a plaintiff proceeds IFP, "[t]he officers of the court shall issue and serve
13  all process, and perform all duties"). While a plaintiff proceeding IFP is entitled to rely
14  on the U.S. Marshal for service of the summons and complaint, he is responsible for
15  providing the information, such as an address, needed to effectuate service. *Puett v.*
16  *Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). The Court's local rules similarly provide
17  that "the party at whose request the summons is issued is responsible for providing the
18  United States Marshal's office with appropriate instructions regarding the person upon
19  whom service is made." S.D. Cal. Civ. R. 4.1(c).

20      In this case, the Court directed the U.S. Marshal to effect service upon Defendant,
21  a summons was issued, and the Court sent Plaintiff the IFP Package on August 11, 2021.
22  Plaintiff failed to return the IFP Package, and Defendant was not served within the 90
23  days as required by Rule 4(m). Although the initial 90 days to serve Defendant had
24  passed, the Court extended the time for service for good cause until April 14, 2022 and
25  provided Plaintiff with a new IFP Package. However, Plaintiff has failed to serve
26  Defendant by the specified time for service. Furthermore, Plaintiff has not filed a
27  response to the OSC issued by this Court and has not otherwise established good cause
28  for his failure to serve Defendant. Accordingly, the Court finds that Plaintiff failed to

effect service on Defendant pursuant to Rule 4(m) and DISMISSES the Complaint without prejudice.

### III.   CONCLUSION

The Court hereby DISMISSES the Complaint without prejudice and DENIES Plaintiff's motion to appoint counsel (Dkt. 15) as moot.


**IT IS SO ORDERED**.

Dated:   5/10/22   _____

_____
Honorable Jinsook Ohta
United States District Judge

21cv1346-JO-JLB